[Cite as *State v. Shelby*, 2022-Ohio-4450.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

| STATE OF OHIO | | C.A. No. 21CA0072-M |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| BRETT J. SHELBY | | WADSWORTH MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. 20CRB00010 |

DECISION AND JOURNAL ENTRY

Dated: December 12, 2022

HENSAL, Presiding Judge.

{¶1} Brett Shelby appeals his conviction for domestic violence from the Wadsworth Municipal Court. For the following reasons, this Court affirms.

I.

{¶2} According to G.N., he and Mr. Shelby were domestic partners who were living together off and on for three to four years. One evening, he was out at a bar when Mr. Shelby showed up and began arguing with him. He eventually went home and started making dinner. Mr. Shelby arrived home after him and resumed arguing with him. When G.N. sat down at a coffee table to eat, Mr. Shelby threw the table, scattering the food. G.N. told Mr. Shelby to go upstairs, which Mr. Shelby did, but then Mr. Shelby smashed a statue and returned downstairs to continue the confrontation. G.N. retreated to the kitchen, but Mr. Shelby followed him and began hitting and kicking him, followed by strangling him. According to G.N., he managed to get Mr. Shelby off him, called 911, and went outside until police arrived.

**{¶3}** A police sergeant filed a complaint against Mr. Shelby, charging him with one count of domestic violence. A jury found Mr. Shelby guilty of the offense, and the trial court sentenced him to 180 days in jail, which it suspended. Mr. Shelby has appealed, arguing that his conviction is not supported by sufficient evidence.

II.

ASSIGNMENT OF ERROR

SHELBY'S CONVICTION WAS BASED ON INSUFFICIENT EVIDENCE AS
A MATTER OF LAW

**{¶4}** Mr. Shelby argues that the State failed to prove beyond a reasonable doubt that he and G.N. were family or household members under the domestic violence statute. Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In carrying out this review, our "function * * * is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id*.

**{¶5}** To convict Mr. Shelby of domestic violence, the State had to prove that he knowingly caused or attempted to cause physical harm to a family or household member. R.C. 2919.25(A). Section 2919.25(F)(1) defines "family or household member[,]" in relevant part, as "a person living as a spouse[.]" R.C. 2919.25(F)(1)(a)(i). It defines a "[p]erson living as a spouse" as "a person * * * who otherwise is cohabiting with the offender, or who otherwise has cohabited with the offender within five years prior to the date of the alleged commission of the act in question." R.C. 2919.25(F)(2). In *State v. Williams*, 79 Ohio St.3d 459 (1997), the Ohio Supreme

Court wrote that "[t]he essential elements of 'cohabitation' are (1) sharing of familial or financial responsibilities and (2) consortium." *Id*. at paragraph two of the syllabus. In *State v. McGlothan*, 138 Ohio St.3d 146, 2014-Ohio-85, however, it clarified that the sharing of familial or financial responsibilities and consortium is required only if the victim and the offender do not share the same residence. *Id*. at ¶ 13.

**{¶6}** "The burden of [production for] establishing cohabitation is not substantial." (Alteration sic.) *State v. Long*, 9th Dist. Summit No. 25249, 2011-Ohio-1050, ¶ 6, quoting *Dyke v. Price*, 2d Dist. Montgomery No. 18060, 2000 WL 1546555, *3 (Oct. 20, 2000). "[I]t is a person's determination to share some measure of life's responsibilities with another that creates cohabitation." *State v. Carswell*, 114 Ohio St.3d 210, 2007-Ohio-3723, ¶ 35.

**{¶7}** Mr. Shelby argues that there was no evidence that he lived at G.N.'s house, that he had any personal items there, that he received mail there, or that he and G.N. shared financial responsibilities. G.N testified, however, that he and Mr. Shelby had been domestic partners for five years. He also testified that they had lived together off and on for a total of three to four years, including living together at the time of the attack. Mr. Shelby testified that he shared a bedroom with G.N. and that they slept together. Under *McGlothan*, this testimony was sufficient to establish that Mr. Shelby and G.N. were cohabiting and, thus, that G.N. was a person living as a spouse to Mr. Shelby. *See McGlothan* at ¶ 15 ("Because the state demonstrated that the defendant was the victim's boyfriend and that they had lived together for about a year, the state had no obligation to demonstrate the sharing of familial or financial responsibilities and consortium to prove cohabitation * * *."). Upon review of the record, we conclude that Mr. Shelby's conviction for domestic violence is supported by sufficient evidence. Mr. Shelby's assignment of error is overruled.

III.

**{¶8}** Mr. Shelby's assignment of error is overruled. The judgment of the Wadsworth Municipal Court is affirmed.

Judgment affirmed.

––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

BRADLEY J. PROUDFOOT, Prosecuting Attorney, for Appellee.